# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 07-CV-02013-WYD-MJW

MICHELLE ESTRADA,

    Plaintiff,

v.

FIRST TRANSIT, INC.,
FIRST TRANSIT TRANSPORTATION, LLC,
WILLIAM HYCHE,
ROGER CHAPMAN, AND
JACQUELYNE PEREZ,

    Defendants.

## STIPULATION AND PROTECTIVE ORDER

Plaintiff, Michelle Estrada, and Defendants, First Transit, Inc. and First Transit Transportation, LLC ("First Transit"), William Hyche, Jacquelyn Perez, and Roger Chapin[1] ("Individual Defendants"), ("collectively referred to as "Defendants"), by and through their respective counsel, having stipulated to the terms of this Protective Order, hereby respectfully request this Court to enter the following Protective Order. Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.     **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of

---

[1] Roger Chapin is incorrectly referred to as Roger Chapman in Plaintiff's Complaint.

information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. This Order shall govern the exchange, use and other disclosure of certain discovery materials provided by any party and, where applicable, any non-party to the within-action. When used in this Order, the words "discovery material(s)" means all written, recorded, or graphic matter whatsoever, including but not limited to, interrogatories and responses thereto, requests for admissions and response thereto, documents or other tangible things produced by any party or non-party in this action whether pursuant to notice, demand, subpoena, or by agreement, deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing. The privacy interests in such information substantially outweigh the public's right of access to judicial records. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c)).

2. **Confidential Information.** As detailed in the above paragraph, the parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. The parties agree that any confidential information they obtain throughout the course of this litigation will not be used or referenced or relied upon in any subsequent administrative action or litigation. The parties have further agreed that such information shall include, but is not necessarily limited to, information relating to the following topics: the confidential financial and/or net worth information of First Transit, including tax returns, annual reports, profit and loss statements, and balance sheets; confidential proprietary information concerning First Transit; the confidential personnel and/or human resource files of any of First Transit's current or former employees; and medical, financial and/or tax records relating to Plaintiff and Individual Defendants.

3. **Designating Documents and Interrogatory Answers as Confidential.** Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential." Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraphs 1 and 2 may be designated as Confidential Information. Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraphs 1 and 2 above as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraphs 1 and 2. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

4. **Disputes Concerning Designation(s) of Confidential Information.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party posing the confidentiality of the information may apply for appropriate relief from this Court.

5.     **Binding Effect of This Motion.** This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony are limited pursuant to the terms of this Motion.

6.     **Disclosure of Confidential Information.** Except as otherwise provided in this Order, information designated and marked as "Confidential" may not be disclosed or disseminated in any form or manner by the receiving party or its agents or representatives, other than to a "Qualified Person" described in paragraph 7 of this Order and only under the conditions set forth below:

(a)     Prior to disclosure or dissemination of material marked as "Confidential" to any Qualified Person, the attorney making the disclosure shall provide a copy of this Order to the Qualified Person and advise that the individual, pursuant to this Order, may not divulge in any manner the material marked as "Confidential" to any other person. Absent compliance with these conditions, no disclosure or dissemination of information designated as "Confidential" shall be made or permitted, unless otherwise ordered by the Court; and

(b)     Any individual or entity (aside from the undersigned attorneys or their employees as set forth in paragraph 7 hereof) to whom disclosure or dissemination is made pursuant to this paragraph shall, upon the conclusion of the task for which they have received "Confidential" information, return all "Confidential" information and materials derived therefrom to the counsel from whom they received such information and shall not make any copies of material marked as "Confidential." The provisions of this paragraph may be waived upon the written consent of the designating party. Any individual or entity to whom disclosure is made pursuant to this paragraph is prohibited and enjoined from disclosing or otherwise making use of any material

4

marked as "Confidential" other than for the purpose of defending or prosecuting this action or providing an expert opinion in this action, and failure to adhere to this and all other restrictions imposed by Order shall constitute a contempt of Court and subject such individual or entity to criminal penalties and civil damages resulting from such failure to adhere to the restrictions of this Order.

7. **"Qualified Person"** as used herein means (i) any counsel of record for a party to this action, including their respective associate attorneys, paralegals and administrative or clerical staff; (ii) in-house and outside counsel directly or indirectly involved in this action, including their respective associate attorneys, paralegals and administrative or clerical staff; (iii) potential expert witnesses; and (iv) the parties. Counsel of record, in-house counsel and outside counsel, as the case may be, shall remain responsible and subject to the sanctions and penalties described herein for the breach of this Order by their respective associate attorneys, paralegals and any other administrative or clerical staff referenced in items (i) and (ii) above.

8. **Use of Confidential Information.** The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case. If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal [consistent with D.C. Code Civ R 7.2 and 7.3]. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Motion, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

[handwritten margin notes: wjh, 12-11-07]

5

9.  **Return of Confidential Information.**  At the conclusion of this litigation the parties' respective counsel shall, within six months, and upon written request by the other party, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within six months of the conclusion of this litigation, their right to do so is waived, and other counsel may destroy such records at their option. The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

10.  **Court's Jurisdiction.**  No part of the restrictions imposed by this Order may be terminated, except by written stipulation executed by counsel for the parties or by an order of this Court for good cause shown. The final disposition of this action shall not relieve any person who has received material marked as "Confidential" from the obligations imposed by this Order. The Court shall retain jurisdiction to enforce the terms of this Order beyond the disposition of this litigation, including the power to issue injunctive relief, adjudicate contempt of Court, and determine criminal penalties and civil damages resulting from the unauthorized use or disclosure of "Confidential" information.

11.  **Inadvertent Designation.**  Nothing in this Order shall prevent or restrict the persons subject to it from seeking at any time to change an inadvertent designation of any discovery materials by placing or removing such restrictions as provided herein.

12.  **Retroactive Use.**  This Order shall apply to any information which may already have been produced in the litigation, provided that such information be properly designated by the producing party within ten days of the date of entry of this Order.

13. **Modification of Order.** Any party may apply to the Court, upon proper notice, for modification of this Order with respect to the handling or designation of any information subject hereto.

14. **Future Parties.** This Order shall be binding upon any future party to this litigation.

Dated this 11th day of December, 2007.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**STIPULATED AND AGREED BY:**

By: *s/ Erin A. Webber*
Erin A. Webber
Michael A. Freimann
LITTLER MENDELSON, P.C.
1200 17th Street, Suite 1000
Denver, CO 80202.5835
Telephone: 303.629.6200
E-mail: ewebber@littler.com

**ATTORNEYS FOR DEFENDANTS
FIRST TRANSIT, INC.,
FIRST TRANSIT TRANSPORTATION, LLC,
AND ROGER CHAPIN**


By: *s/ Aimee Bove*
Aimee Bove, Esq.
Robert Leonard, Esq.
BELL & POLLOCK, PC
7000 East Belleview, Suite 200
Greenwood Village, CO 80111
Telephone: 303.795.5900
E-mail: aimeebove@bellpollock.com
E-mail: bobleonard@bellpollock.com

**ATTORNEYS FOR PLAINTIFF MICHELLE ESTRADA**


By: *s/ Tessa E. Alexander*
Tessa E. Alexander Esq.
THE ALEXANDER LAW OFFICE, P.C.
P.O. Box 1933
Longmont, CO 80502
Telephone: 303.684.8300
Email: teatome@netzero.net

**ATTORNEYS FOR DEFENDANTS WILLIAM HYCHE
AND JACQUELYNE PEREZ**