IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02013-WYD-KMT

MICHELLE ESTRADA,

    Plaintiff,

v.

FIRST TRANSIT, INC.;
FIRST TRANSIT TRANSPORTATION, LLC;
WILLIAM HYCHE;
ROGER CHAPMAN; and
JACQUELYNE PEREZ,

    Defendants.

## ORDER

This matter is before the court on "First Transit, Inc.'s Motion for Leave to Resume Deposition of Plaintiff" [Doc. No. 48, filed February 13, 2008] and defendant William Hyche's "Motion to Concur in First Transit, Inc.'s Motion and for Leave to Resume Deposition of Plaintiff" [Doc. No. 50, filed February 22, 2008]. On March 3, 2008, "Plaintiff's Response to First Transit Inc.,'s Motion for Leave to Resume Deposition of Plaintiff" [Doc. No. 54] was filed, whereupon First Transit, Inc. filed "Reply in Support of its Motion for Leave to Resume Deposition of Plaintiff" [Doc. No. 56, filed March 13, 2008].

The need to address the issues now before the court would not have arisen except for the plaintiff's delayed discovery disclosure of Ms. Estrada's diary, a letter written by Ms. Estrada to

Mr. Hyche but never mailed, and a calculation by the plaintiff of her claimed damages. The plaintiff does not dispute that these disclosures were tardy and that the disclosures were made subsequent to the taking of her deposition. The plaintiff asserts the late discovery, however, provided no new information to the defendants and no grounds to further depose the plaintiff.

Fed. R. Civ. P. 26(a)(1)(A)(iii) required plaintiff to provide "a computation of each category of damages" and make available for inspection and copying "documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered" at the time of exchange of initial disclosures. There is no disagreement that the plaintiff failed to full comply with this provision in her initial disclosures.

The diary and the letter were ultimately provided in response to specific discovery responses. Again, there is no quarrel that the disclosures were overdue when made. Also, the parties concur that if the disclosures had been punctual, the defendants would have had the information and documents prior to taking Ms. Estrada's deposition.

Fed. R. Civ. P. 30(d)(1) provides:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

*Id.*

The plaintiff claims that the disclosures made after the plaintiff's deposition were merely cumulative and that nothing new was added to the case. Whether ultimately this proves to have been an accurate appraisal, Plaintiff is not absolved of the duty to comply with the time limitations

in the discovery rules to allow the defendants to make the choice of how to spend their deposition time, including whether they would have specifically addressed the omitted items. The plaintiff-deponent robbed the defendants of that choice and impeded their ability to conduct the deposition.

Therefore, it is ORDERED that First Transit, Inc.'s Motion for Leave to Resume Deposition of Plaintiff [Doc. No. 48] and William Hyche's Motion to Concur in First Transit, Inc.'s Motion and for Leave to Resume Deposition of Plaintiff [Doc. No. 50] are GRANTED. The defendants will be allowed up to three additional hours for deposition of Plaintiff Michelle Estrada. The deposition testimony will be limited to questioning concerning: 1) the diary and any relevant entries in the diary and information logically relating thereto; 2) the letter to Mr. Hyche written by Ms. Estrada, and information, events and other foundational and logical questions arising therefrom, and 3) the computation of the plaintiff's damages.

Dated this 11th day of April, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge