IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02013-WYD-KMT

MICHELLE ESTRADA,

    Plaintiff,

v.

FIRST TRANSIT, INC., and
WILLIAM HYCHE,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Motion to Quash Subpoena and for Protective Order" [Doc. No. 65, filed May 14, 2008]. No response or objection was filed by the defendants.

Plaintiff seeks to quash a subpoena issued to her husband by Defendants, demanding productions of personal photographs taken of Plaintiff and given to her husband as a gift. Plaintiff's husband, Terry Ritzdorf, is not a party to this sexual harassment lawsuit.

The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. *Oliver Cannon and Son, Inc. v. Fidelity and Cas. Co. of N.Y.*, 519 F. Supp. 668 (D. Del. 1981). A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable.

*Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626 (D. Colo. 1993); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995); *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997). There is no question that Ms. Estrada has a privacy interest in her own pictures in which, in some, she is scantily clad, and which she gave to her husband as a gift. Further, the pictures are irrelevant.

> Fed. R. Civ. P. 26(b) provides
>
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

*Id.*

This court can see no relevancy whatsoever in these pictures of the plaintiff. It is not alleged they were shown by Ms. Estrada to Mr. Hyche. "When the relevancy of propounded discovery is not apparent, however, its proponent has the burden to show the discovery relevant." *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002). Since the defendants did not respond to the motion the court will assume they could not meet their threshold burden.

Fed. R. Civ. P.(c) further provides, ". . .[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ."

The Supreme Court has noted that a state rule patterned after Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 326 (10th Cir. 1981) (trade secrets).

It is therefore ORDERED

Plaintiff's Motion to Quash Subpoena and for Protective Order [Doc. No. 65] is GRANTED.

Dated this 14th day of July, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge