IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02013-WYD-KMT

MICHELLE ESTRADA,

    Plaintiff,

v.

FIRST TRANSIT, INC., and
WILLIAM HYCHE,

    Defendants.

**ORDER**

This matter is before the court on "Plaintiff's Motion to Quash Subpoena and for Protective Order" [Doc. No. 65, filed May 14, 2008]. Plaintiff seeks to quash a subpoena issued to her husband by Defendants, demanding productions of personal photographs taken of Plaintiff and given to her husband as a gift. Plaintiff's husband, Terry Ritzdorf, is not a party to this sexual harassment lawsuit.

**I.    Background**

Defendants filed "Defendant First Transit, Inc.'s Response to Plaintiff's Motion to Quash Subpoena and for Protective Order" ("Rsp." [Doc. No. 71, filed May 28, 2008]) and Plaintiff filed "Plaintiff's Reply to Defendant First Transit's Response to Plaintiff's Motion to Quash Subpoena and for Protective Order" [Doc. No. 74, filed June 16, 2008].

The court originally issued an order in this matter under the erroneous conclusion that no responses had been filed to the original motion. The next day, after discovering the mistake, the court withdrew the order. A number of factors presented in the defendants Response have caused the court to reconsider the initial ruling.

**II.    Analysis**

The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. *Oliver Cannon and Son, Inc. v. Fidelity and Cas. Co. of N.Y.*, 519 F. Supp. 668 (D. Del. 1981). A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable. *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626, 628-9 (D. Colo. 1993); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995); *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997). The burden is upon the party resisting production to show that she has a privacy interest or that some other privilege applies. *Centurion Industries, Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323 (10th Cir. 1981); *Broadcort Capital Corp.*, *id*. Other than general arguments concerning burdens and invasion of privacy, Ms. Estrada does not refer this Court to any specific statute, rule, regulation, or case providing the privilege or protection that she claims.

The court originally concluded that Ms. Estrada did have a privacy interest in the pictures which are the issue of the third-party subpoena because the descriptions suggested that Ms. Estrada was partially nude and that Mr. Ritzdorf had to keep the pictures locked in a safety deposit box, indicating to the court they should not be publically displayed without sound

reason. Unbeknownst to the court at the time, however, was the fact that Ms. Estrada had published the photographs on a public internet site called "My Space." (Deposition of Michelle R. Estrada, January 14, 2008, hereinafter "Estrada Depo." at 293) As noted by the defendants, Ms. Estrada readily admitted she had posted the pictures on her MySpace page and that her MySpace internet page contained only pictures "that I'm comfortable with my father seeing, because my mother and father have MySpace." *Id.* She stated that she was comfortable with her small daughter seeing the photographs as well. *Id.* She also noted that the picture of herself in the "Jeannie costume" was one of the photographs she posted on the internet. Therefore, the court concludes that the pictures, while a personal gift for her husband, are not revealing or embarrassing. Therefore, Ms. Estrada has failed to present a privacy interest sufficient to allow her to contest the production of documents from a third party.

> Fed. R. Civ. P. 26(b) provides
>
> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

*Id.*

On their face, the court can see very little, if any, relevance of the pictures to the controversies in this case. It is not alleged that the pictures, taken at a photography studio, were

ever shown by Ms. Estrada to Mr. Hyche. However, Ms. Estrada did show the pictures to two of her female co-workers at First Transit.

"When the relevancy of propounded discovery is not apparent, however, its proponent has the burden to show the discovery relevant." *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002). The defendants argue the photos are relevant to Ms. Estrada's hostile work environment claim. The defendants claim that Ms. Estrada was a willing and contributory participant in a sexually charged atmosphere and therefore will be unable to support a claim of sexual harassment in this context, citing *Kestner v. Stanton Group*, 2005 WL 6130103 (M.D. Tenn. 2005). Ms. Estrada portrays the photographs as something her parents and child could view on the internet, implying that the photos were not sexually provocative and could not, therefore, support a claim of contributing to a sexual atmosphere at First Transit. The defendants allege, however, that the plaintiff gossiped to co-workers about dating a "stripper" and that she held "sex toy" parties at her home to which various female employees of First Transit were invited. Further, Defendants claim she openly discussed her "tummy tuck" surgery and her breast enhancement surgery at First Transit. Plaintiff denies ever discussing her breast enhancement within the hearing of Defendant Hyche, claims the one "sex toy" party she had was participated in only by females, and that she only mentioned that the man she was dating had been a stripper twenty years ago during idle conversation with two female friends at the office.

The Supreme Court has noted that a state rule patterned after Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also*

*Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 326 (10th Cir. 1981) (trade secrets).  The court concludes that the defendants state grounds, although exceedingly slender, why this evidence could support or lead to support for their *Kestner* claim, the strength of which will have to be tested at trial.  Further, since the subpoena was issued to Terry Ritzdorf who is not a party to this litigation and Ms. Estrada has not pointed to any legitimate privacy interest in the photographs which she, herself, publically displayed, it is ORDERED

Plaintiff's Motion to Quash Subpoena and for Protective Order [Doc. No. 65] is DENIED.

Dated this 28th day of July, 2008.

                                              BY THE COURT:

                                              s/ Kathleen M. Tafoya
                                              KATHLEEN M. TAFOYA
                                              United States Magistrate Judge